**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Joseph K. HATTRUP and Robert H.
Hattrup, Defendants-Appellees.**

**No. 84–3090.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 1985.

Decided June 14, 1985.

Lance Caldwell, Asst. U.S. Atty., Portland, Or., for plaintiff-appellant.

Phillip M. Margolin, Portland, Or., for defendants-appellees.

Before KENNEDY and NORRIS, Circuit Judges, and LYNCH,* District Judge.

KENNEDY, Circuit Judge:

In a multi-count indictment, Robert and Joseph Hattrup were charged with mail fraud in violation of 18 U.S.C. § 1341 and conspiracy in violation of 18 U.S.C. § 371. The district judge dismissed the indictment with prejudice, apparently relying upon Rule 48(b) of the Federal Rules of Criminal Procedure rather than the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1982), or the Sixth Amendment right to a speedy trial. The Government appeals from this order of dismissal on the ground that the district judge abused his discretion. We reverse.

On the day of trial, the prosecutor's sole witness, Thomas Delanty, failed to appear. Delanty had previously pleaded guilty to one count of mail fraud as a co-schemer in the fraud with which the Hattrups were charged and, pursuant to plea negotiations, had agreed to provide testimony against the Hattrups. Although Delanty received a harsher sentence than the Government's recommended probation, he continued to cooperate with the Government, voluntarily testifying at a grand jury proceeding and attending several meetings with Lance Caldwell, the Assistant United States Attorney in charge of the Hattrup prosecution.

Delanty first missed a pretrial meeting with Caldwell which had originally been scheduled for June 11, 1984, and then tentatively changed to July 5, 1984. Caldwell's attempts to reach Delanty on July 5, 1984 were unsuccessful, but he was able to contact Delanty's father, who stated that Delanty was unaware of the July 5 meeting date and expressed his displeasure with the way in which the Government was treating his son. Caldwell then sent a letter by certified mail, return receipt requested, to Delanty stating that a warrant for his arrest would be issued if he failed to attend a pretrial meeting on July 11, 1984. Delanty called Caldwell on July 11, 1984, indicated that he would not be available until later that day, stated that his failure to appear at the previous meeting had been a mix-up, and reassured Caldwell of his continued willingness to cooperate. The two then agreed to meet on July 16, 1984, the day before trial. When Delanty failed to appear on that date, Caldwell secured a warrant for his arrest.

These facts and the Government's inability to proceed to trial without Delanty were related to the district judge on the morning of trial when the Government moved for a continuance. The district judge denied this motion, denied the Government's subsequent motion for dismissal without prejudice, and ordered the indictment dismissed with prejudice.

In pertinent part Rule 48(b) provides: "[I]f there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment...." It is within the trial court's inherent power under Rule 48(b) to dismiss a case with prejudice for prosecutorial delay not amounting to a Sixth Amendment violation. But we require the district court to exercise this power "with caution, and only after a forewarning to prosecutors of the consequences." *United States v. Simmons*, 536 F.2d 827, 836 (9th Cir.), *cert. denied*, 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976). Although the compliance with the forewarning requirement of *Simmons* may have been somewhat difficult in this case, when the Government moved for a continuance on the very date set for trial, *see United States v. Loud Hawk*, 628 F.2d 1139 (9th Cir.1979) (en banc), *cert. denied*, 445 U.S. 917, 100 S.Ct. 1279, 63 L.Ed.2d 602 (1980), we conclude, nevertheless, that the district court failed to exercise the requisite caution before dismissing the case with prejudice.

The record lacks any facts or allegations of misconduct by the Government

---

* Honorable Eugene F. Lynch, U.S. District Judge for the Northern District of California, sitting by designation.

which would call for the harsh remedy of dismissal with prejudice. The Government's motion for continuance on the day of trial was its first such motion. All other delays in bringing the case to trial were attributable to motions filed by the defense, including a motion for continuance of the trial date. The Government's sincerity in asserting that Delanty was essential to its case was never doubted, and neither the Hattrups nor the district judge ever suggested that the prosecutor sought a continuance in order to harass the Hattrups or to gain some tactical advantage.

We need not decide whether delay attributable to prosecutorial negligence alone will justify dismissal of the indictment with prejudice. The facts leading up to Delanty's absence carry no suggestion of such negligence. Indeed, the district court specifically declined to find that the Government's decision not to subpoena Delanty was negligent. We agree. A finding of negligence would be contrary to the undisputed facts in this case and would constitute an unwarranted intrusion into the prosecutor's discretion in determining the best way to secure a witness' full cooperation. Under these circumstances, any delay caused by the Government's motion to continue is not "unnecessary" within the meaning of Rule 48(b). *See Loud Hawk,* 628 F.2d at 1150–51.

While the continuance would have caused the Hattrups some inconvenience, there is nothing in the record, aside from defense counsel's speculations, which suggests that it would have resulted in prejudice or a threat of prejudice to the Hattrups. *See United States v. Morrison,* 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981).

On the facts of this case, particularly the absence of prosecutorial misconduct and

demonstrable prejudice or substantial threat thereof, the district court's dismissal with prejudice under Rule 48(b) was improper. Accordingly, the district court's order is reversed, and the case is remanded for further proceedings.

REVERSED and REMANDED.

NORRIS, Circuit Judge, dissenting.

On the day of trial, the government moved for a continuance because its key witness Delanty, whom the government had failed to subpoena, did not appear voluntarily.[1] The motion was denied. The government then moved for a dismissal without prejudice on the same ground of the unavailability of Delanty. Once again, the government's motion was denied.[2]

The government's motion for a dismissal without prejudice, following the denial of its motion for a continuance, was in my view the functional equivalent of a second motion for a continuance. It was an attempt by the government to get a second bite of the apple. Had the motion for a dismissal without prejudice been granted, it would have had the same effect as a continuance—the trial would have been delayed to give the government a second chance to produce Delanty. Conversely, the dismissal with prejudice had the same effect as the denial of the motion for a continuance because, as the government concedes, the government could not have obtained a conviction without Delanty's testimony. *See* Brief of the Plaintiff-Appellant at 14; Transcript of Proceedings (July 17 and 18, 1984) at 9–13. Thus, in my view, the real question presented by this appeal is not whether the district judge abused his discretion in denying the government's motion for a dismissal without prejudice, but whether he abused his discretion in denying in the first

---

**1.** The government failed to subpoena Delanty despite the fact that Delanty had not voluntarily appeared at either of the two scheduled pre-trial meetings.

**2.** In denying the government's motions and entering a dismissal with prejudice, the district judge noted that the government had failed to insure Delanty's presence at trial by subpoena-

ing him; that Hattrup was ready to proceed to trial; and that another trial had been postponed at the specific request of the district judge to avoid a conflict for Hattrup's attorney. *See* Transcript of Proceedings (July 17 and 18, 1984) at 9–13; *United States v. Hattrup,* No. 84–25 (D.Ore. July 19, 1984) (order denying motion to postpone trial and dismissing with prejudice).

instance the government's motion for a continuance. The majority fails to address that question.

On the record before us, I cannot find—and the majority does not find—that the district judge abused his discretion in denying the government's motion for a continuance. To my mind, it necessarily follows that under the circumstances he did not abuse his discretion in entering a dismissal with prejudice.

I respectfully dissent.