**UNITED STATES of America, Plaintiff,**

v.

**Melvis HENRY, Defendant.**

**No. CR 92–369 TUC JMR.**

United States District Court,
D. Arizona.

March 5, 1993.

**326**

John P. Leader, Asst. U.S. Atty., Tucson, AZ, for plaintiff.

Clay Hernandez, Asst. Federal Public Defender, Tucson, AZ, for defendant.

### ORDER

ROLL, District Judge.

Pending before the Court is Defendant Melvis Henry's motion to dismiss due to pre-indictment delay. For the following reasons, that motion is granted and the indictment in the above-captioned matter is dismissed with prejudice.

### FACTUAL BACKGROUND

■ On October 24, 1987, Defendant Melvis Henry was involved in an automobile collision on the Fort Apache Indian Reservation resulting in the death of two individuals. Henry was not immediately apprehended and, although he is alleged to have been driving while under the influence of alcohol, no proof of blood alcohol content was obtained. Henry surrendered himself one to two days later to tribal authorities and was prosecuted in tribal court. Henry was thereafter sentenced to six months imprisonment for charges arising from the accident.[1]

It is undisputed that the United States Attorney's Office received information and supporting documents concerning this case on November 7, 1988, yet, no federal action was taken in this matter until it was submitted to a grand jury on May 27, 1992.[2] The grand jury returned an indictment against Henry on two counts of involuntary manslaughter. Henry was arrested on August 3, 1992.

Henry argues that the pre-indictment delay period of over four and one half years requires dismissal of this matter under the federal constitution. Henry bases his motion on both the Sixth Amendment right to speedy trial clause and the Fifth Amendment due process clause. Henry's constitutional claims, as discussed below, are unpersuasive. Nonetheless, the Court finds that there was unnecessary delay in presenting the charge to the grand jury and accordingly finds dis-

---

1. Although "subject to ultimate federal control, [Native Americans] nonetheless remain 'a separate people, with the power of regulating their internal and social relations.'" *United States v. Wheeler*, 435 U.S. 313, 322, 98 S.Ct. 1079, 1085, 55 L.Ed.2d 303, 309 (1978) (citations omitted). Native tribes possess "those aspects of sovereignty not withdrawn by treaty or statute, or by implication as a necessary result of their dependent status." *Id.*, 435 U.S. at 323, 98 S.Ct. at 1086, 55 L.Ed.2d at 310 (tribal sovereignty "exists only at the sufferance of Congress and is subject to complete defeasance."). Successive prosecution of Henry by both federal and tribal governments does not "subject [Henry] for the same offense to be twice put in jeopardy" in violation of the Fifth Amendment. U.S. Const.

amend. V; *United States v. Antelope*, 430 U.S. 641, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977).

2. The government explains the cause of the delay as follows:

This case was originally assigned to [AUSA M.]. In late April or early May of 1992, it was reassigned to [AUSA L.], who promptly obtained an indictment. Between October 24, 1987 (the accident date) and the date of reassignment, [AUSA M.] experienced numerous medical problems, including several surgeries. [AUSA M.] missed many months of work and probably should have reassigned the case earlier. [AUSA M.]'s actions do not amount to bad faith.

missal to be warranted under the authority of Fed.R.Crim.P. 48(b).

## SIXTH AMENDMENT

■ Henry argues that the government's delay in seeking an indictment violates his Sixth Amendment right to a speedy trial. Four factors determine whether the Sixth Amendment's guarantee of a speedy trial has been violated: the length of the delay, the reasons for the delay, whether the defendant asserted the right, and whether [s]he was prejudiced by the government's denial of it. *United States v. Sears, Roebuck and Co., Inc.,* 877 F.2d 734, 739 (9th Cir.1989). Because the delay in this case occurred before the indictment, the Sixth Amendment is inapplicable. *United States v. Lovasco,* 431 U.S. 783, 788, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752, 756 (1977); *United States v. Simmons,* 536 F.2d 827, 830 (9th Cir.), *cert. denied,* 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976). *See also United States v. Carlock,* 806 F.2d 535, 549 (5th Cir.1986) (there is no Sixth Amendment right to a speedy indictment), *cert. denied,* 480 U.S. 949, 107 S.Ct. 1611, 94 L.Ed.2d 796 (1987). Accordingly, the Sixth Amendment is of no avail to Henry.

## DUE PROCESS

■ Henry also maintains that the Fifth Amendment due process clause has been violated by the government's inaction. Delay prior to arrest or indictment may give rise to a claim of denial of due process. *Lovasco,* 431 U.S. at 788–89, 97 S.Ct. at 2047–48, 52 L.Ed.2d at 756–57. Dismissal based upon a due process violation requires a two-part analysis. A defendant must prove "actual, nonspeculative prejudice from the delay" and that, on balance, the length of the delay was without adequate justification. *United States v. Huntley,* 976 F.2d 1287, 1290 (9th Cir.1992). Proof of actual prejudice is an extremely heavy burden to bear. The prejudice requirement is so substantial, in fact, that only two courts have found the test to have been met in the last twenty years.[3] *Id.*

Here, Henry has not made the initial requisite showing of actual prejudice. Although

Henry did present evidence of a substantial threat of prejudice, this showing falls short. On that basis, therefore, the Court rejects Henry's Fifth Amendment argument and need not reach the balancing prong of the test.

## FEDERAL RULE OF CRIMINAL PROCEDURE 48(b)

Federal Rule of Criminal Procedure 48(b) permits a district court to dismiss an indictment when "unnecessary delay in presenting the charge to a grand jury" has occurred. Although Rule 48(b) complements the constitutional right to speedy trial, it remains "within the trial court's inherent power ... to dismiss a case with prejudice for prosecutorial delay not amounting to a Sixth Amendment violation." *United States v. Hattrup,* 763 F.2d 376, 377 (9th Cir.1985). However, "such power should be utilized with caution and only after a forewarning of the consequences." *United States v. Simmons,* 536 F.2d 827, 836 (9th Cir.), *cert. denied,* 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976) (citations omitted).

### A. Forewarning.

■ Although this Court did not issue an explicit warning that Henry's case was subject to dismissal, the forewarning requirement is nonetheless met. Unlike the *Simmons* and *Huntley* situations, this Court never obtained supervisory control of this matter through the filing of a complaint prior to indictment. The government does not suggest that delay occurred because the feasibility of prosecution was being studied or because additional evidence was being obtained. Rather, this relatively uncomplicated case languished unattended for three and one-half years in the prosecutor's office. In these circumstances, the government is charged with the constructive knowledge of the Court's statutory authority pursuant to Rule 48(b) and that this is warning enough. To hold otherwise would create a situation in which the government could delay indictment and simultaneously prevent the Court's compliance with the forewarning requirement.

3. *See Howell v. Barker,* 904 F.2d 889 (4th Cir.) *cert. denied,* 498 U.S. 1016, 111 S.Ct. 590, 112 L.Ed.2d 595 (1990); *United States v. Barket,* 530 F.2d 189 (8th Cir.1976).

Appellate courts have admonished district courts to use the forewarning requirement in a uniform fashion, defining the amount of delay which will result in dismissal. That rule has been formulated, however, in cases involving relatively short periods of time which would not in and of themselves trigger judicial concern. *See, e.g., Huntley,* 976 F.2d at 1291–92 (pre-indictment delay of seven and one-half months); *United States v. Clay,* 481 F.2d 133, 137 (7th Cir.), *cert. denied,* 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247 (1973) (pre-indictment delay of eight months). The pre-indictment delay period of four years and seven months in this case is far more egregious.

**B. *Caution.***

■ In addition to the forewarning requirement, a district court must also exercise "caution" before dismissing a case pursuant to Rule 48(b). Caution is required, in part, because a rule prompting the government to hastily indict could result in undesirable consequences. For example, the government could indict in order to preserve its rights, even though indictment may not have occurred if the government possessed adequate time for reflection. *Huntley,* 976 F.2d at 1291–92.

Caution has been defined as requiring findings of both prosecutorial misconduct and prejudice to the accused. *Huntley,* 976 F.2d at 1292. Prosecutorial misconduct arises here from the government's negligent failure to reassign this case after the original prosecutor became ill. The government accepts some degree of culpability through its recognition that the prosecutor "probably should have reassigned the case earlier." This admission indicates negligence and negligent conduct satisfies the caution standard. "Although weighted less heavily than deliberate delays, negligent conduct 'nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the Government rather than with the defendant.'" *Simmons,* 536 F.2d at 830 (citations omitted).

Henry has proffered sufficient proof of prejudice to compel dismissal of the indictment. Even though the "mere possibility of prejudice is insufficient to justify dismissal under Rule 48(b)," *Sears, Roebuck and Co., Inc.,* 877 F.2d at 738; nonetheless, "demonstrable prejudice or substantial [threat] thereof" will suffice. *Hattrup,* 763 F.2d at 378. Henry presented proof that evidence of the scene has been irretrievably lost, physical evidence from the vehicles was not preserved, and memories have blurred. Moreover, the weakness of the government's case strongly militates against requiring Henry to stand trial at this late date.[4] Despite testimony that alleged exculpatory evidence might not have been available even if the indictment were timely brought, Henry has met the lesser burden of proving demonstrable prejudice.

### CONCLUSION

Accordingly, IT IS ORDERED that the indictment in this matter be DISMISSED with prejudice.

---

**4.** At the hearing on the motion to dismiss, Henry presented credible testimony that it was not his vehicle but the victim's that actually crossed the lane divider. Furthermore, the government has no proof that he was driving under the influence of alcohol and there are numerous discrepancies in the investigating officer's accident report.