106 F.3d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Keith AMES, Defendant-Appellant.
 No. 95-30323.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 20, 1996.
Decided Jan. 23, 1997.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and BREWSTER, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Ames argues that the postal inspectors did not have reasonable suspicion to justify pulling the methamphetamine package out of the mail stream. "Reasonable suspicion" requires no more than specific, articulable facts which, together with reasonable inferences from those facts, reasonably warrant suspicion that the package contains contraband. United States v. Most, 789 F.2d 1411, 1415 (9th Cir.1986). The postal inspectors had a reasonable suspicion that the package contained narcotics when they pulled it from the mail stream, because it was leaking a substance resembling seasoning salt and was addressed to a person on whom the post office had a mail watch.
 
 
 4
 The postal inspector gave other, less persuasive reasons for suspicion. Hand addressing, for example, which allow pulling a lot of packages of chocolate chip cookies sent to children at camp or college from the mail. The postal inspector did not make it clear whether, by drug distribution area, he meant California, Northern California, or Los Molinos. Though he mentioned "fictitious" address, the postal inspector evidently meant use of the unofficial abbreviation, but not fictitious designation, "Los Moli" for "Los Molinos." But even without these weaker reasons, there were good and adequate reasons for suspicion. Shipment of a package to a suspicious person, where the package leaks a substance not commonly leaking from packages and resembling substances used to mask the odor of narcotics, suffices to warrant suspicion.
 
 
 5
 Ames argues that his Fourth Amendment rights were violated by the three day delay between the time the postal service had probable cause, on Friday at 4:30 p.m., and the time a warrant was obtained, on Monday at 12:15 p.m. We agree with the district judge's conclusion that considering all the circumstances, this delay was not unreasonable. Ames concedes that the post office did not delay too long between pulling the package from the stream of mail around noon on Friday, and getting the two dog sniffs done Friday afternoon. Ames's argument is that the benchmark for how fast the postal inspector should have applied for a search warrant is somewhere around the 29 hours approved in United States v. Van Leeuwen, 397 U.S. 249, 253 (1970); cf. United States v. Dass, 849 F.2d 414, 415-16 (7 to 23 day detentions unreasonable, especially because detentions could have been as short as 36 hours if police had acted diligently).
 
 
 6
 By the time the second dog sniff was done, it was 4:30 Friday afternoon. The postal inspector needed a couple of hours to draw up the affidavit for the search warrant application. He came in Saturday morning and did so. Then on Monday morning, the postal inspector called and got an appointment with an AUSA that morning, and after getting approval, took the affidavit into the judge. We need not consider whether a three day delay would have been too long, had it not been over the weekend. This was not an emergency, necessitating off-hours preparation of the application and a weekend approach to a judge. The package was mailed regular first class, not express, according to the district court's findings, so most people's expectations of the post office would not be so high as to make them expect that the postal employees would speed the mail on its way Friday as opposed to Monday. A Monday mid-day application for a search warrant based on late Friday afternoon probable cause was adequately fast. See United States v. Lux, 905 F.2d 1379, 1382 (10th Cir.1990) (delay from Saturday to Monday is not unreasonable).
 
 
 7
 Ames argues that there was no probable cause to search the package which turned out to contain $1,000 cash, evidently payment for narcotics. We need not determine whether there was probable cause, because the search was done pursuant to a search warrant. The evidence could therefore not be suppressed if there was good faith reliance on the search warrant. United States v. Leon, 104 S.Ct. 3405, 3420-21 (1984). There was nothing to cast significant doubt on the validity of the warrant. It was certainly not so facially deficient that a reasonable officer could not presume it to be valid. The receipt for the cash package was in Lane's car, and the package was mailed to Ames under a fictitious name shortly after Ames had mailed the package of methamphetamine. By the time the search warrant was applied for, the postal inspector knew from the search of the methamphetamine package that Ames had sent Lane narcotics. As the district judge noted, it was a reasonable inference that what Lane might be sending Ames was payment for the narcotics.
 
 
 8
 Ames argues that the eleven month delay between the date of indictment and the beginning of the trial violated his Fifth and Sixth Amendment rights to speedy trial, so the indictment should have been dismissed with prejudice. He makes no argument that the district court violated any of the requirements of the speedy trial statute, 18 U.S.C. § 3161.
 
 
 9
 Fifth Amendment analysis is unnecessary, because the delay is post-indictment. Post-indictment delay is subject to the more stringent Sixth Amendment standard. United States v. Sandoval, 990 F.2d 481, 485 n. 8 (9th Cir.1993).
 
 
 10
 Four areas of inquiry have been recognized as relevant to the Sixth Amendment inquiry, whether the delay was uncommonly long, which side is more to blame for the delay, whether the defendant demanded a speedy trial, and whether the defendant was prejudiced. Doggett v. United States, 112 S.Ct. 2686, 2690 (1992); United States v. Beamon, 992 F.2d 1009, 1014 (9th Cir.1993). Though arguably the delay approaching a year is presumptively prejudicial in this case, see Beamon, the question is close, and the defendant made no showing at all of prejudice beyond an unsupported claim. He did not say what witnesses he lost because of delay, or what they would have said. A year of anxiety pending a federal criminal trial is not extraordinary. See United States v. Simmons, 536 F.2d 827, 831 (9th Cir.1976). As for fault, all the mistakes appear to have been made by the Florida authorities, not by the Idaho federal authorities. Although Ames was incarcerated during the entire eleven months of the delay, most of that incarceration was because of another crime he had committed. Less than three months, from the end of his Florida sentence on December 7, 1994 to the scheduled beginning of trial, February 21, 1995, was attributable to the government's negligence. This circumstance greatly reduces the prejudice from what it would have been had the entire pretrial incarceration period resulted from delay of trial on the federal indictment.
 
 
 11
 Ames argues that Federal Rule of Criminal Procedure 48(b) entitled him to dismissal of the charges based on delay, independently of the Sixth Amendment and 18 U.S.C. § 3161. The prerequisites of a Rule 48(b) dismissal, extreme circumstances, caution and forewarning, were not present. United States v. Talbot, 51 F.3d 183, 186-87 (9th Cir.1995); United States v. Huntley, 976 F.2d 1287, 1291-92 (9th Cir.1992).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The Honorable Rudi M. Brewster, United States District Judge, for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3