141 F.3d 1181
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellant,
v.
Tim Jon HAAS; John Lloyd Klump, Defendants-Appellants,
United States of America, Plaintiff-Appellee,
v.
Timm HAAS, Defendant-Appellant.
 No. 96-10530, 96-10553.
D.C. No. CR-95-00528-RMB.
D.C. No. CR-95-00528-1-RMB.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1997--San Francisco, California.
Decided Mar. 3, 1998.
 
 Appeal from the United States District Court for the District of Arizona Richard M. Bilby, Chief District Judge, Presiding.
 Before WIGGINS and KLEINFELD, Circuit Judges, DWYER**, District Judge.
 MEMORANDUM*
 Though we share the district court's dismay with the enforcement tactics used, we are unable to conclude that this case falls within the small category of those properly dismissed for outrageous government conduct. Our review of a dismissal based on outrageous government conduct is de novo, not merely for abuse of discretion. United States v. Simpson, 813 F.2d 1462, 1465 n. 2 (9th Cir.1987).
 The government did not create the crime in this case out of thin air. The defendants had engaged in similar criminal conduct before they came into contact with the undercover agents. Although this was a joint investigation, state, not federal, officials committed most of the offensive conduct; the government whose agents committed the claimed outrageous conduct is not the government that charged defendants with the crimes at issue. Though the government agent's conduct might reasonably be classified as wanton, the wantonness was directed at animals, not human beings.
 The category of outrageous government conduct arises from dictum in United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), and was revisited in Hampton v. United States, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (9th Cir.1976). In Russell, the government undercover agent supplied an essential chemical for manufacturing the narcotic drug. We had reversed a conviction in that case, but the Supreme Court concluded that we were mistaken, explaining in dictum that "while we may someday be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction, Cf. Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), the instant case is distinctly not of that breed." Russell, 411 U.S. at 431, 432.
 Meeting the standard set forth in that dictum has proven to be most difficult. In United States v. Simpson, 813 F.2d 1462 (9th Cir.1987), we held that the government informant's "use of sex to deceive him into believing she was an intimate friend just so she could lure him into selling heroin ... was not so shocking as to violate the due process clause." Id. at 1465. If using sex to seduce a person into committing a crime is not so "outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction," then neither is killing game animals that are protected from hunting, or protected from the means used.
 We have characterized outrageous government conduct by various highly restrictive terms, such as "most narrow," "shocking to the universal sense of justice," "only the most intolerable government conduct," and "slim category." United States v. Bogart, 783 F.2d 1428, 1434-35 (9th Cir.1986), petition for rh'g granted and case remanded in non-relevant part, United States v. Wingender, 790 F.2d 802 (9th Cir.1986). If the category is not empty in this circuit, then only one prior decision of this court arguably is included, Green v. United States, 454 F.2d 783 (9th Cir.1971), which may be an entrapment rather than an outrageous government conduct case. Green predates Russell and Hampton, so does not reflect the current law of the circuit on outrageous government conduct.
 United States v. Stenberg, 803 F.2d 422 (9th Cir.1986), rejected an outrageous government conduct argument and affirmed a conviction in another case of alleged government crimes in the course of a Fish and Wildlife Service investigation. Three animals were killed by federal agents in that case. We held that, because there was evidence that the defendants were actively engaged in other similar activity, the conviction had to be affirmed even though a federal agent was the perpetrator of the most serious offenses. Id. at 430. That four animals were killed in the case at bar, and only three in Stenberg, does not make much difference. That the javelina was killed in a less sporting manner than any animal in Stenberg does not suffice to distinguish the case in the face of the emptiness of the category of outrageous government conduct, and the case at bar is in one sense less tainted than Stenberg because federal agents committed the allegedly outrageous acts in Stenberg, but state agents did so here.
 Dismissal of the indictment under the "supervisory power" would be inappropriate, because, among other reasons, there was no prosecutorial misconduct, and the offensive conduct was by state rather than federal agents. See, e.g., United States v. Talbot, 51 F.3d 183, 187 (9th Cir.1995).
 The federal prosecution did not violate appellants' Constitutional right not to be twice put in jeopardy, so we affirm the district court's determination on double jeopardy on Haas's cross-appeal. The two sovereigns, state and federal, prosecuted for different offenses. There was no basis for treating the federal prosecution as a sham on behalf of the state, rather than an attempt to vindicate separate federal interests. Cf. Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); United States v. Guy, 903 F.2d 1240, 1242 (9th Cir.1990) (explaining that the mere fact that a violation of state law is a predicate for a federal violation does not establish double jeopardy). The district court's denial of the motion to dismiss based on double jeopardy was correct.
 Haas's and Klump's motion to strike all or part of the government's brief for inclusion of matters not of record is DENIED. The matters were of record in the district court, because they were submitted on a motion for reconsideration. But because the government failed without excuse to submit the material before the district court decided the motion, we do not consider the supplemental material.
 REVERSED AND REMANDED.
 
 
 1
 DWYER, District Judge, dissenting.
 
 
 2
 I respectfully dissent as to the outrageous government conduct issue. Although we review the dismissal order de novo, we must accept the district court's findings of fact unless they are clearly erroneous. United States v. Emmert, 829 F.2d 805, 810-11 (9th Cir.1987). Here, the district court found that the agents had killed the javelina "under egregious circumstances" (i.e., cruelly), that there was "absolutely no justification" for killing the javelina and the big horn sheep (i.e., that these killings were unnecessary), and that killing the sheep "probably did do as much damage to the species as the defendants were alleged to have done by their illegal activity to other species." There is no reason to disturb these findings. This court has said that the killing of wildlife "raises significant questions as to the extent to which government agents may commit serious crimes in order to prevent others from committing similar offenses," and that "[u]nder different circumstances such active criminal behavior by a government agent might well result in our upholding a defense of outrageous government conduct." United States v. Stenberg, 803 F.2d 422, 430-31 (9th Cir.1986); see also United States v. Hugs, 109 F.3d 1375, 1379 (9th Cir.1997). If these words are to have meaning they should be applied here. The district court's findings that the killings were wholly unnecessary should distinguish this case from earlier decisions in which the outrageous conduct defense has fallen short. The court said in Stenberg that "the outrageous conduct defense is generally unavailable where the criminal enterprise was already in progress before the government became involved ..." 803 F.2d at 429; emphasis added. The word "generally" implies room for exceptions, and in this instance I do not believe that either the defendants' pre-existing game law violations, or the agents' status as state employees in a joint federal-state investigation, should cause reversal. I would affirm the order of dismissal.
 
 
 
 **
 The Honorable William L. Dwyer, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3