**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Roberto TORRES–JIMENEZ,**
**Defendant–Appellant.**

No. 04–50322.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided Sept. 23, 2005.

U.S. Attorney CV, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle Villasenor–Grant, Esq., FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, FISHER and BYBEE, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Roberto Torres–Jimenez ("Torres–Jimenez") appeals his conviction and sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On appeal, Torres–Jimenez claims that the district court erred by: (1) refusing to give a "necessity defense" instruction to the jury; (2) admitting statements allegedly elicited during a custodial interrogation and in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); (3) admitting allegedly involuntary statements; and (4) erroneously applying a sixteen-point sentence enhancement in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Torres–Jimenez was not entitled to receive a jury instruction on the necessity defense because he failed to establish "(1) that he was faced with a choice of evils and chose the lesser evil; (2) that he acted to prevent imminent harm; (3) that he reasonably anticipated a causal relation between his conduct and the harm to be" *United States v. Aguilar,* 883 F.2d 662, 693 (9th Cir.1989) (citation omitted); *see United States v. Dorrell,* 758 F.2d 427, 430–31 (9th Cir.1985).

■ Torres–Jimenez was not "in custody" for purposes of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), when questioned by customs agents in the border area because the totality of circumstances does not suggest that "a reasonable person in [Torres–Jimenez's] circumstances would conclude after brief questioning [that he] would not be free to leave," *United States v. Hudgens,* 798 F.2d 1234, 1236 (9th Cir.1986) (internal quotation and citations omitted). *See also United States v. Beraun–Panez,* 812 F.2d 578, 580 (9th Cir.1987). Accordingly, the officer was not required to give Torres–Jimenez *Miranda* warnings. *See Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977) (per curiam) ("*Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody.'").

■ For Torres–Jimenez to prevail in his due process violation claim, he must prove (1) actual, non-speculative prejudice from the delay between the arrest and his interview with border patrol agents; and (2) that the length of the delay, when balanced against the reason for the delay, "offend[s] those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Talbot,* 51 F.3d 183, 185–86 (9th Cir. 1995) (citations omitted). Here, Torres–Jimenez did not identify any coercive conduct by the law enforcement officers, or any circumstances, other than the mere passage of time, that rendered his statements involuntary. Under the totality of these circumstances, we find that Torres–Jimenez has failed to demonstrate that the delay was unreasonable, or that the admission of Torres–Jimenez's statements offended public policy. *See United States v. Manuel,* 706 F.2d 908, 913 (9th Cir.1983); *United States v. Wilson,* 838 F.2d 1081, 1087 (9th Cir.1988).

Pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), we "remand to the district court ... for the [limited] purpose of ascertaining whether the sentence imposed would have been ma-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

terially different had the district court known that the sentencing guidelines were advisory." *Id.* at 1074. On remand, the district judge shall give Torres–Jimenez an opportunity to opt out of resentencing. *See id.* at 1084.

CONVICTION AFFIRMED; SENTENCE REMANDED.