**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KABANI & COMPANY, INC.; MICHAEL DEUTCHMAN, CPA; KARIM KHAN MUHAMMAD, CPA; HAMID KABANI, CPA, | No. 17-70786 |
| Petitioners, | SEC No. 3-16518 |
| v. | MEMORANDUM* |
| U.S. SECURITIES & EXCHANGE COMMISSION, | |
| Respondent. | |

On Petition for Review of an Order of the
Securities & Exchange Commission

Submitted August 9, 2018**
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and EZRA,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Kabani & Company, Michael Deutchman, Karim Khan Muhammad, and Hamid Kabani petition for review of the SEC's order sustaining sanctions imposed by the Public Company Accounting Oversight Board ("PCAOB"). We have jurisdiction under 15 U.S.C. § 78y(a)(1). Reviewing the SEC's scienter determination and other factual findings for substantial evidence and its legal conclusions de novo, *see Gebhart v. SEC*, 595 F.3d 1034, 1040, 1043 (9th Cir. 2010), we deny the petition for review.

**1.** Substantial evidence supports the SEC's finding that petitioners violated PCAOB Accounting Standard No. 3 ("AS3") with the requisite scienter. The indications of an attempted cover-up—the backdated sign-off dates, the altered metadata, and petitioners' failure during the inspection to disclose the changes made after the documentation completion deadlines—all strongly support an inference of knowledge and intent.

**2.** The PCAOB proceedings comported with procedural due process. The PCAOB timely commenced disciplinary proceedings, and substantial evidence supports the hearing officer's finding that petitioners lacked good cause to designate a substitute expert after the deadline had passed. Petitioners' concealment of auditing violations and multiple requests for time extensions caused most of the delays in the proceedings, and petitioners fail to show prejudice from the other delays. Petitioners also fail to show prejudice from the publication

of the SEC's settlement with Rehan Saeed, which concerns audits of issuers not at issue here and does not raise an inference of wrongdoing by petitioners. A showing of prejudice is essential to their due process claims. *See* 5 U.S.C. § 706; *NLRB v. Heath TEC Div./S.F.*, 566 F.2d 1367, 1371 (9th Cir. 1978); *cf. United States v. Talbot*, 51 F.3d 183, 185 (9th Cir. 1995) (explaining that to establish due process claim based on delay in filing criminal charges, defendant "must prove actual, non-speculative prejudice from the delay").

Petitioners' other procedural complaints are meritless. The PCAOB did not "suppress" evidence in the audit files that petitioners themselves provided. Petitioners were not entitled to a jury because the Seventh Amendment does not apply to administrative proceedings. *See Tull v. United States*, 481 U.S. 412, 418 n.4 (1987). And the SEC considered all relevant circumstances, including the appropriateness of less severe remedies, when upholding the PCAOB's sanctions.

The hearing officer did not improperly place the burden on petitioners to prove that they did not violate AS3. The burden of establishing a fact-based defense to liability falls on the party asserting it, *see Olin Corp. v. FTC*, 986 F.2d 1295, 1307 (9th Cir. 1993), and defendants failed to meet their burden of proving that Saeed was reviewing non-final versions of the audit work papers. Petitioners cite neither record evidence nor legal authority for their argument that the hearing officer was inexperienced, unfamiliar with their case, and improperly deferential to

the agency. This argument is therefore deemed waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010). Likewise, petitioners forfeited their Appointments Clause claim by failing to raise it in their briefs or before the agency. *Cf. Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018) ("'[O]ne who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief.").

**PETITION FOR REVIEW DENIED.**