30 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gaylin BURLESON, Petitioner-Appellant,
v.
Steve CAMBRA, Interim Warden at California Medical Facility,
Respondent-Appellee.
 No. 93-16808.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1994.*
Decided Aug. 2, 1994.
 
 Before: LEAVY and KLEINFELD, Circuit Judges, and VAN SICKLE,** District Judge.
 MEMORANDUM***
 I. Delayed Arraignment.
 Burleson first argues that he was never arraigned at all. This is incorrect. Certain California court records incorrectly reflected that Burleson was arraigned in Siskiyou Justice Court on July 30, 1985, the date his codefendant was arraigned. In fact, he was later arraigned in Superior Court on December 23, 1985. There is no federal right to an arraignment in California Justice Court as opposed to California Superior Court.
 
 
 1
 Burleson next argues that the delay between his arrest for escaping from jail and his arrest and arraignment for the mini-mart robbery deprived him of due process by (1) preventing him from locating a witness who might have had useful testimony and (2) preventing him from possibly receiving concurrent time by entering an early plea. Assuming that there is a constitutional right to a speedy arrest, he has failed to show "nonspeculative" prejudice. United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992).
 
 
 2
 As for the possible witness, there is no cognizable prejudice because protection from lost testimony falls solely to the statute of limitations. Id. His claim that he might have received concurrent time for his robbery sentence is "too speculative to establish actual prejudice." United States v. Sherlock, 962 F.2d 1349, 1354 (9th Cir.1989).
 
 
 3
 II. Admission of Priors.
 
 
 4
 In Adams v. Peterson, 968 F.2d 835 (9th Cir.1992) (en banc), we held that stipulations are not de facto guilty pleas. They must, however, be made knowingly and voluntarily. Id. at 843. Burleson argues that the admission of his prior robbery and murder convictions was not knowing and voluntary because the trial judge misled him about the consequences of his admission.
 
 
 5
 We have studied the transcript, and it reveals no confusion as to what Burleson was admitting and the possible significance of doing so. Burleson himself admitted that he had the prior convictions after being clearly and fairly advised by the judge. His admission was knowing and voluntary, so there was no violation of due process.
 
 
 6
 Defendants in Burleson's position commonly admit priors for tactical reasons. The priors were in the public records and proving them would be a simple matter of bringing out the certified records of conviction. By admitting them, Burleson avoided having the jury hear all the details had the state been required to prove them. There is no reason to suppose that competent counsel should have advised him to do otherwise, or that his admission was not voluntary and intelligent.
 
 
 7
 III. Ineffective Assistance Claims.
 
 
 8
 Burleson's appeal is a scatter-shot attack on his trial counsel's performance. He claims counsel should have done various things differently, but makes no showing that any of them would have affected the outcome of his trial as required by Strickland v. Washington, 466 U.S. 668, 687 (1984) and Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). Burleson points to thirteen incidents as grounds for showing his lawyer's ineffective assistance. We have reviewed them and find these challenges to be meritless for the reasons stated by the magistrate judge.
 
 
 9
 The most substantial claim is that counsel did not cross-examine the victim of the robbery about whether the robber had a limp. Burleson may well have had a limp, because he broke his ankle when he escaped from jail. If the witness had had an opportunity to see the robber walk and had not observed a limp, that might have impeached her identification. Counsel, however, faced the difficult tactical problem of proving the limp without exposing the jury to the details of the escape. The fact that Burleson escaped from jail is itself so highly prejudicial, use of it to impeach the witness would not have been worth the risk of letting the jury find out about Burleson's escape. Counsel may well have made a considered and prudent tactical judgment, and we cannot second guess it under the first prong of Strickland.
 
 
 10
 Burleson also claims that an eyewitness identification expert such as Dr. Elizabeth Loftus should have testified to challenge the victim's testimony. Trial counsel did an excellent job bringing out discrepancies in Rossetto's recollection of the robbery and impeaching her identification of Burleson. Lay-people can understand the problems of eyewitness identification. Counsel was not deficient for not calling an expert on this subject. It cannot be ineffective assistance per se, as Burleson's argument implies, not to obtain the services of Dr. Loftus.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) & 9th Cir.R. 34-4
 
 
 **
 The Honorable Fred L. Van Sickle, District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3. The parties are familiar with the facts, and we will not restate them here