34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul Jay ROSENBLUTH, Defendant-Appellant.
 No. 92-50760.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 25, 1994.
 
 1
 Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges, and MERHIGE,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Paul Jay Rosenbluth (Rosenbluth) appeals the district court's denial of his motion to dismiss for preindictment delay and his conviction. We affirm.
 
 
 4
 A. Preindictment Delay in Violation of Due Process
 
 
 5
 On April 24, 1991, Rosenbluth was arrested for the Pasadena robbery and confessed to the Thousand Oaks robbery. However, he was not indicted on the Thousand Oaks robbery until almost one year later on April 3, 1992, after the state prosecution for the Pasadena robbery was complete. Rosenbluth claims that as a result of this preindictment delay, his due process rights were violated. We disagree.
 
 
 6
 A two-part test applies to determine whether preindictment delay constituted a denial of due process. United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992). First, "the defendant must prove actual, non-speculative prejudice from the delay." Id. Second, if we determine there was prejudice, then "we balance the length of the delay with the reasons for it." United States v. Butz, 982 F.2d 1378, 1380 (9th Cir.), cert. denied, 114 S.Ct. 250 (1993).
 
 
 7
 Rosenbluth fails to offer definite, non-speculative proof of prejudice. See id. (requiring defendant meet heavy burden of proof with definite, non-speculative proof). He claims he suffered actual prejudice because he was unable to locate the replica he allegedly used during the Thousand Oaks robbery. However, the record reveals no evidence that Rosenbluth made any attempt to locate the replica. Rosenbluth's claim of prejudice is based entirely on his own testimony that the replica actually existed and one witness's testimony that the gun used in the Thousand Oaks robbery had a small red dot on it which Rosenbluth claims distinguishes the replica from the Glock. Because Rosenbluth's claim is based solely on self-serving testimony, it is not definite and non-speculative proof of prejudice. Thus, we hold Rosenbluth failed to meet the heavy burden of proving actual prejudice. See United States v. Breitkreutz, 8 F.3d 688, 690 (9th Cir.1993) (rejecting due process claim where claim of prejudice based only on defendant's own testimony and other witnesses' testimony that defendant had mentioned evidence).
 
 
 8
 Furthermore, we reject Rosenbluth's claim that the Government's reason for delay constituted vindictive prosecution. The Government may delay prosecution to allow completion of an unrelated prosecution. See United States v. Allen, 699 F.2d 453, 460-61 (9th Cir.1982) (holding no vindictiveness where Government delayed for disposition of unrelated prosecution and indicted after defendant did not receive substantial sentence).
 
 B. Admissibility of FDIC Documentation
 
 9
 Rosenbluth challenges both the admissibility of the certificate of insurance and Fox's declaration on hearsay and Confrontation Clause grounds. We reject these challenges and hold that both documents were admissible and that their admission did not violated Rosenbluth's Confrontation Clause rights.
 
 1. FDIC Certificate of Insurance
 
 10
 We have clearly held that a certificate of insurance is not hearsay. United States v. Bellucci, 995 F.2d 157, 161 (9th Cir.1993), cert. denied, 114 S.Ct. 2719 (1994). Furthermore, in Bellucci we held that "[b]ecause the certificate of insurance is not hearsay, no special showing is required under the Confrontation Clause before it may be admitted in place of testimony by a representative from the FDIC." Id.
 
 2. Fox's Declaration
 
 11
 Although hearsay, Fox's declaration is admissible pursuant to Fed.R.Evid. 803(10). Rosenbluth argues, without citing any authority, that the declaration is not admissible pursuant to this rule because there is no duty by law to report the termination of insured status. However, Rule 803(10) requires only that the record be "regularly made and preserved;" it does not require that the record-keeping entity have a legal duty to report the matter.
 
 
 12
 Rosenbluth's alternative contention that the declaration is inadmissible because it is untrustworthy is also without merit. Rosenbluth offers nothing more than an unsupported assertion that Fox had a motive to fabricate because the declaration was produced solely for purposes of prosecution. We have previously admitted certification of the absence of records for purposes of prosecution. See United States v. Neff, 615 F.2d 1235, 1241-42 (9th Cir.) (finding certification of absence of tax returns admissible under Rule 803(10)), cert. denied, 447 U.S. 925 (1980).
 
 
 13
 Finally, admission of Fox's declaration did not violate Rosenbluth's Confrontation Clause rights. Although the Government in this case failed to establish that Fox was unavailable to testify, failure to prove unavailability of the declarant does not necessarily result in a violation of the Confrontation Clause. See United States v. Hutchison, 22 F.3d 846, 852 (9th Cir.1993). In Hutchison, we held the Government was not required to prove unavailability when it admitted testimony and a certificate that a search had been conducted to establish the absence of any record of the tax return in question, although the declarant (the person who had conducted the search) did not testify. We reasoned that admission of evidence to prove that absence of a public record or entry "involved no risk of faulty human recollection and little likelihood of misrepresentation of significant data." Id. (quotation omitted). Likewise, in this case admission of Fox's declaration pursuant to Rule 803(10) without proof of unavailability did not violate Rosenbluth's Confrontation Clause rights.
 
 C. Sufficiency
 
 14
 Rosenbluth challenges the sufficiency of evidence to support his conviction claiming the Government failed to prove the Thousand Oaks bank was federally insured on the date of the robbery. He relies principally on United States v. Platenburg, 657 F.2d 797 (5th Cir. Unit A Oct. 1981). The court in Platenburg held that a certificate of insurance antedating the charged events by seven years was insufficient evidence by itself to establish a bank was federally insured at the time it was robbed. Id. at 800. In this case, in addition to the certificate of insurance, the Government offered Fox's declaration to establish the certificate of insurance, dated 1978, was still valid on the date of the robbery in 1991. Based on the certificate and the declaration, we hold there was sufficient evidence to establish the Thousand Oaks bank was federally insured at the time of the robbery.
 
 D. The Jury's Inspection of the Glock
 
 15
 Rosenbluth argues the district court abused its discretion by granting the jury's request to view the Glock during deliberations, thereby placing undue emphasis on it. Because Rosenbluth can point to no objection in the record to the viewing, Rosenbluth forfeited any error, and we review for plain error affecting substantial rights. See United States v. Olano, 113 S.Ct. 1770, 1772 (1993).
 
 
 16
 Rosenbluth contends that in order to avoid undue emphasis the district court was required either to deny the jury's request or to send a replica to the jury in addition to the Glock. However, no replica was ever admitted into evidence; consequently, it would have been improper for the district court to send a replica to the jury. The jury did have an exhibit of photographs of replicas during deliberations which it could have compared to the Glock. Thus, we conclude no plain error resulted from granting the jury's request to view the Glock.
 
 E. Ineffective Assistance of Counsel
 
 17
 Rosenbluth argues he had ineffective assistance of counsel because his attorney failed to enter the replicas into evidence. "The customary procedure for raising a claim of ineffective assistance of counsel ... is by collateral attack under 28 U.S.C. Sec. 2255." United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). However, we find the record sufficiently complete to address Rosenbluth's claim. See id.
 
 
 18
 To prevail on an ineffective assistance of counsel claim, the defendant must establish both deficient performance and prejudice. Id. at 1447. The specific error alleged by Rosenbluth is the failure to admit the replicas into evidence. However, we conclude that failure to enter replicas into evidence was not so deficient as to fall outside the wide range of professional competency. See id. (There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (quotation omitted)). Moreover, even if the failure were so deficient as to constitute incompetency, it did not prejudice Rosenbluth. See id. (The defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (quotation omitted)). None of the replicas were identified as similar to the one allegedly used by Rosenbluth. He claimed to use a replica of a Smith and Wesson or a Colt, while those at trial were replicas of Barrettas and a replica Glock. Consequently, even if Rosenbluth's counsel had admitted these replicas, it is not probable the jury would have concluded the witnesses actually mistook the replica gun for a real gun because they could not evaluate the authentic appearance of a replica similar to the one Rosenbluth allegedly used.
 
 F. Other Constitutional Challenges
 
 19
 Rosenbluth, relying on the Supreme Court's decision in Ake v. Oklahoma, 470 U.S. 68 (1985), makes several other constitutional challenges including that his right to a fair trial, due process rights, and equal protection rights were violated. He premises these arguments on his assumption that the replicas were not entered into evidence because they had to be immediately returned after trial to whomever loaned them and that this immediate return was somehow connected to Rosenbluth's lack of funds. As the Government notes, there is no support in the record for Rosenbluth's contention that the replicas were not admitted into evidence due to his indigency. We reject Rosenbluth's claim that his constitutional rights were violated as a result of the failure to admit the replicas into evidence.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3