94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Harry ELLIOTT, Defendant-Appellant.
 No. 94-30152.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1995.
Submission Withdrawn Feb. 14, 1995.
Resubmitted July 12, 1996.
Decided Aug. 16, 1996.
 
 Before: WRIGHT, HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elliott appeals his conviction for maintaining a place for the manufacture, distribution or use of marijuana in violation of 21 U.S.C. § 856. He contends that his criminal prosecution unconstitutionally subjected him to double jeopardy. He had previously forfeited his residence in a civil action based on his use of the residence to grow and store marijuana. He asserts that the civil forfeiture was punishment, citing this court's opinion in United States v. $405,089.23 United States Currency, 33 F.3d 1210 (9th Cir.1994).
 
 
 3
 Submission of the appeal was withdrawn pending final disposition of $405,089.23. On June 24, 1996, the Supreme Court reversed that opinion, holding that in rem civil forfeitures are neither "punishment" nor criminal for purposes of the Double Jeopardy Clause. United States v. Ursery, 116 S.Ct. 2135 (1996). This opinion forecloses Elliott's double jeopardy challenge.
 
 
 4
 Second, Elliott contends that the district court erred in rejecting his defense of entrapment by estoppel and in withdrawing that issue from jury consideration. We review de novo the decision to exclude evidence of an entrapment by estoppel defense. United States v. Brebner, 951 F.2d 1017, 1024 (9th Cir.1991).
 
 
 5
 Due process requires that a defendant be permitted to present evidence of entrapment by estoppel when a government official informs him that certain conduct is legal, and the defendant believes the official and acts in reasonable reliance on the information. United States v. Tallmadge, 829 F.2d 767 (9th Cir.1987).
 
 
 6
 When a defendant is accused of violating federal law, he must demonstrate reasonable reliance "either on a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government who ... has been granted the authority from the federal government to render such advice." Brebner, 951 F.2d at 1027. State and local officials lack "authority to bind the federal government to an erroneous interpretation of federal law." Id. at 1026.
 
 
 7
 Elliott received advice from a local police officer who told him that growing small quantities of marijuana was legal in Alaska. No federal officials or agents communicated with him. He failed to produce evidence to warrant the defense of entrapment by estoppel.[1]
 
 
 8
 Finally, he argues that the district court erred in refusing to dismiss his indictment because of preindictment delay. We review for abuse of discretion. United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992).
 
 
 9
 Due process requires that charges against a defendant be dismissed if the defendant can prove that preindictment delay caused actual prejudice and the length of delay, when balanced against the reason for delay, offends fundamental conceptions of justice. Id. As a threshold matter, the defendant bears the burden of demonstrating "actual non-speculative prejudice from the delay." Id. "[I]t is extraordinarily difficult to show prejudice arising from a delay in indictment that falls within the applicable statute of limitations." United States v. Sparks, 87 F.3d 276, 279 (9th Cir.1996).
 
 
 10
 Elliott shows no actual prejudice and the court did not abuse its discretion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Elliott also argues that he was entitled to present his entrapment-by-estoppel defense under the "silver platter" doctrine which prohibits federal authorities from using evidence seized unconstitutionally by local authorities. See Elkins v. United States, 364 U.S. 206, 233 (1960). But his reliance on the "silver platter" doctrine is misplaced. The doctrine requires a district court to exclude evidence obtained unconstitutionally, not to admit otherwise inadmissible evidence of entrapment by estoppel