141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Filemon ARZATE-NUNEZ, Defendant-Appellant.
 No. 96-30325.
D.C. No. CR-95-00232-RHW.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998
**
Decided Mar. 13, 1998.
 
 Appeal from the United States District Court for the Eastern District of Washington Robert H. Whaley, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Filemon Arzate-Nunez, following his jury trial conviction for conspiracy to distribute cocaine, possession with intent to distribute cocaine and marijuana, and possession of marijuana with intent to deliver in violation of 21 U.S.C. §§ 846 and 841(a)(1), appeals the district court's refusal to dismiss the indictment on the grounds of both pre-indictment and post-indictment delay. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 We reject Arzate-Nunez's contention that the district court abused its discretion by denying his motion to dismiss for pre-indictment delay. See United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir.1992). To prove pre-indictment delay violated due process, a defendant must show actual prejudice and, if there is prejudice, that it outweighed the reasons for the delay. See United States v. Martinez, 77 F.3d 332, 335 (9th Cir.1996); Huntley, 976 F.2d at 1290. Arzate-Nunez fell short of this heavy burden because the value and content of the lost testimony was too speculative to demonstrate actual prejudice. See Martinez, 77 F.3d at 335-36; Huntley, 976 F.2d at 1290 (recognizing that lost testimony "generally falls solely within the ambit of the statute of limitations") (quoting United States v. Moran, 759 F.2d 777, 782 (9th Cir.1985)).
 
 
 4
 Arzate-Nunez also contends that as a result of post-indictment delay, his Sixth Amendment right to a speedy trial was violated. After a de novo review, we disagree. See United States v. Manning, 56 F.3d 1188, 1193 (9th Cir.1995). Speedy trial challenges are subject to a four part inquiry into "the length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id. at 1194 (citation and internal quotation omitted). As evinced by the record, Arzate-Nunez resisted the government's efforts to accelerate the trial, filed numerous pre-trial motions, and requested several continuances in order to allow counsel additional time to prepare. See United States v. Baker, 10 F.3d 1374, 1401 (9th Cir.1993). In these circumstances, we find no violation of Arzate-Nunez's speedy trial rights occurred. See id.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3