Steve LAW, Petitioner–Appellant,

v.

Edward ALAMEIDA, Warden, Respondent–Appellee.

No. 01–15251.

D.C. No. CV–99–04045–CRB.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM**

California state prisoner Steve Law appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo. *Lockhart v. Terhune*, 250 F.3d 1223, 1228–29 (9th Cir.2001). We

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

may grant habeas relief, however, only if the constitutional error resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d); *Lockhart*, 250 F.3d at 1228–29.

Law was arrested on January 20, 1997, for a robbery offense that occurred on November 4, 1991. The underlying complaint was filed on February 24, 1992. Law contends that the 58–month delay between the time the complaint was filed and his arrest violated his speedy trial rights under the Sixth Amendment.

■■■ As both the state court and the district court correctly concluded, however, the right to a speedy trial is not triggered by a complaint, but rather by arrest or the filing of formal charges. *United States v. Marion*, 404 U.S. 307, 321, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) (holding that Sixth Amendment speedy trial provision is not implicated until formal charge filed or defendant suffers actual restraint on liberty); *see also Arnold v. McCarthy*, 566 F.2d 1377, 1382 (9th Cir.1978) (concluding that the filing of a complaint in California state court does not trigger Sixth Amendment protections).

■■■ To the extent that Law contends that his due process rights under the Fifth and Fourteenth Amendments were violated by the five-year delay in prosecution, this contention also lacks merit. To successfully make a claim that preindictment delay denied a defendant his Fifth Amendment right to due process, Law must first prove actual, non-speculative prejudice to the defense from the delay. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). Once prejudice is sufficiently proved, the court then undertakes the task of balancing the length of delay against the reason for the delay. *Id.*

■■■ Law contends that he suffered prejudice because his memory has faded and his potential alibi defense witness, Calvin Burns, died prior to providing testimony. Although Law speculates that Burns might have provided testimony that he was with him for the entire workday, such speculation, however, is contradicted by Law's own admission that he worked alone for part of that day and his timecard that showed that he was not at work for a two hour period during which the robbery could have been committed. Burns's "lost" testimony, therefore, did not result in prejudice to Law's defense. *Huntley*, 976 F.2d at 1290 (stating that defendant bears heavy burden to establish actual non-speculative prejudice by definite proof), *citing United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir.1995) (concluding that generalized assertions of the loss of memory or witnesses are insufficient to establish actual prejudice). Accordingly, the state court's determination that any prejudice suffered was insubstantial, is not contrary to, or an unreasonable application of, federal law. *Lockhart v. Terhune*, 250 F.3d at 1228–29. The district court therefore properly denied Law's habeas petition.

AFFIRMED.