**Lawrence Michael MCNAY, Petitioner,**

**v.**

**Gail LEWIS, Deputy Warden, Respondent.**

**No. 03–15299.**

**D.C. No. CV–99–20281–JF.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 20, 2003.

Lawrence Michael McNay, Coalinga, CA, pro se.

Christopher William Grove, AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

## MEMORANDUM**

California state prisoner Lawrence Michael McNay appeals pro se the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and affirm.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

McNay contends that his due process rights were violated by a six and a half year pre-indictment delay. He argues that he was prejudiced by the delay because of lost or faded memories of potential witnesses, his inability to investigate uncollected physical evidence, and his inability to locate and interview both living and deceased witnesses.

We conclude that McNay has failed to meet his burden of demonstrating actual, non-speculative prejudice. *See United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir.1992) (recognizing the two-part test to establish a due process violation, and stating that defendant must bear heavy burden to establish first part of the test of actual non-speculative prejudice by definite proof), *citing United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). The state court's conclusion that McNay failed to demonstrate actual prejudice was not contrary to, or an unreasonable application of, clearly binding precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

**AFFIRMED.**