**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ruben SANCHEZ–VASQUEZ, Defendant—Appellant.**

No. 04–50302.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2005.*

Decided April 20, 2005.

William P. Cole, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kenneth J. Troiano, Esq., San Diego, CA, for Defendant–Appellant.

Before: HALL, PAEZ, Circuit Judges, and BEISTLINE,** District Judge.

MEMORANDUM ***

We conclude that the district court did not err or abuse its discretion in denying Sanchez–Vasquez's motion to dismiss the superseding indictment. The government initially filed a complaint against Sanchez–Vasquez alleging that he was a deported alien found in the United States, in violation of 8 U.S.C. § 1326. The indictment also charged Sanchez–Vasquez with being a deported alien found in the United

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

States, in violation of section 1326. Four months later, the government filed a superseding indictment charging Sanchez–Vasquez with attempted entry after deportation, in violation of 8 U.S.C. § 1326. Sanchez–Vasquez filed a motion to dismiss the superseding indictment because it violated the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, involved unnecessary delay under Fed.R.Crim.P. 48(b), and violated his Fifth Amendment due process rights. The district court denied the motion.

■ The superseding indictment did not violate the STA. "A charge contained in a superseding indictment which was not included in the original complaint does not violate the Speedy Trial Act." *United States v. Gastelum–Almeida,* 298 F.3d 1167, 1173 (9th Cir.2002). Here, the indictment charged Sanchez–Vasquez with violating the "found in" offense under § 1326 and the superseding indictment charged him with violating the "attempted entry" offense under § 1326. We previously have held that these are separate offenses. *United States v. Pacheco–Medina,* 212 F.3d 1162, 1165 (9th Cir.2000). Therefore, the charge in the superseding indictment was not encompassed within the original indictment. Thus, by filing a superseding indictment with a new charge, the government did not violate Sanchez–Vasquez's rights under the STA.

Next, we conclude that there was no "unnecessary delay" in presenting the attempted entry charge to a grand jury under Fed.R.Crim.P. 48(b). The district court's finding that Sanchez–Vasquez did not suffer prejudice under Rule 48 was not clearly erroneous, and its decision not to dismiss the indictment was not an abuse of discretion. *See United States v. Huntley,* 976 F.2d 1287, 1290 (9th Cir.1992).

■ Finally, we conclude that the delay in filing the superseding indictment did not violate Sanchez–Vasquez's Fifth Amendment due process rights. To establish a due process violation, a defendant "must show that he suffered actual, non-speculative prejudice from the delay and that the delay, when weighed against the government's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Gregory,* 322 F.3d 1157, 1165 (9th Cir.2003) (quotation and citation omitted). Sanchez–Vasquez did not show actual prejudice because the only "prejudice" he suffered was the decreased effectiveness of his prepared defense to the new charge in the superseding indictment.

AFFIRMED.