**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10537 |
| Plaintiff - Appellee, | D.C. No. 5:09-cr-00930-EJD-1 |
| v. | |
| MYRA HOLMES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted May 13, 2016[**]
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Myra Holmes appeals her judgment of conviction for bankruptcy fraud in

violation of 18 U.S.C. § 152(5). We have jurisdiction under 28 U.S.C. § 1291.

We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, the district court did not abuse its discretion in denying Holmes's motion to dismiss the bankruptcy fraud charge against her based on preindictment delay. We "apply a two-part test to determine whether preindictment delay denied due process: (1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of the delay, when balanced against the reason for the delay, must offend those fundamental conceptions of justice which lie at the base of our civil and political institutions." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992) (internal quotation marks omitted).

Holmes argues that the government's delay in filing the indictment deprived her of Leonard Paige's testimony, which would have supported Holmes's defense that she believed the refinancing of the Vallejo property as well as the transfer of the property from Paige to Holmes were lawful. Neither party called Paige as a witness at trial because he suffered from significant cognitive impairment.

The district court applied the correct standard for evaluating prejudice in that it did not require Holmes to prove the full extent and actual wording of Paige's lost testimony to establish prejudice. Rather, the court appropriately differentiated between the evidence in the record and Holmes's characterization of that evidence. Moreover, the district court's factual findings are not clearly erroneous. As the court found, Paige's declaration did not establish that he knowingly and voluntarily

2

executed the deed conveying his interest to Holmes. As for Holmes's claim that Paige would have testified to facts establishing Holmes's entitlement to a greater share of the house's equity, the court found that the declaration did not establish that she had "considerable equity in the property" because the mortgage payments made by Paige constituted compensation for Holmes's work. Finally, the court noted that the declaration did not say that "Paige intended, from the time of the purchase, for the defendant, Ms. Holmes, to be the sole owner of the property . . . that's simply not in the declaration." The court concluded that "the declaration . . . does not capture the essence of what the defense suggests [Paige's testimony] would be in regard to this litigation."

Even if Paige's testimony would have established his intention that Holmes own a greater share of the house's equity, or the entire share, Holmes still has not demonstrated prejudice requiring dismissal. Paige and his wife filed a bankruptcy petition, disclosing Paige's 50 percent ownership interest in the Vallejo property. Holmes and Paige then executed a deed conveying Paige's half-interest in the Vallejo property to Holmes. Holmes refinanced the house and spent virtually all of the money received from the refinancing on personal expenses. Even assuming that Paige intended for the house to go to Holmes, Holmes did not have the right to take Paige's interest in the Vallejo property outside of the bankruptcy proceedings

3

and render his interest valueless. *See Stegeman v. United States*, 425 F.2d 984, 986 (9th Cir. 1970) (Section 152 of Title 18 is a congressional "attempt[] to cover all the possible methods by which a bankrupt or any other person may attempt to defeat the Bankruptcy Act through an effort to keep assets from being equitably distributed among creditors." (internal quotation marks omitted)). In addition, to the extent Jacquie Heard's declaration went to Paige's state of mind at the time of the transfer, this is irrelevant—only Holmes's state of mind mattered.[1]

Second, the district court did not plainly err by instructing the jury that it had to find beyond a reasonable doubt that Holmes acted knowingly and fraudulently at the time she received the property. Title 18, United States Code Section 152(5) prohibits "knowingly and fraudulently receiv[ing] any material amount of property from a debtor after the filing of a case under title 11, with intent to defeat the provisions of title 11." To be convicted, Holmes must have had the requisite intent at the time she received the deed from Paige. *See United States v. Arrellano*, 812 F.2d 1209, 1212 (9th Cir. 1987). Here, the district court correctly instructed the jury that to find her guilty, the jury had to find that Holmes had the intent to defeat the bankruptcy provisions at the time that she received the property.

---

[1] We need not examine the reasons for the delay when the defendant, as here, fails to meet his burden of demonstrating prejudice. *See United States v. Barken*, 412 F.3d 1131, 1136 (9th Cir. 2005).

4

Third, the evidence was sufficient to show that Holmes intended to defeat the bankruptcy code at the time she received the grant deed. In reviewing a guilty verdict for sufficiency of the evidence, we "assess the evidence in the light most favorable to the prosecution, determining whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Stewart*, 420 F.3d 1007, 1014–15 (9th Cir. 2005) (internal quotation marks omitted).

Here, the trial evidence was sufficient for a reasonable trier of fact to conclude that Holmes had the requisite intent to defeat the bankruptcy laws at the time of transfer. Holmes argues that she directed the bank to pay $50,000 to Paige as part of the transfer and refinancing. However, Holmes acknowledges that the bank never paid the $50,000 to Paige, and Holmes does not contend that the bank was ever instructed to pay any money to the *bankruptcy estate*. In addition, Holmes argues that at trial, the government acknowledged uncertainty as to when Holmes formed an intent to keep the Vallejo property and not pay the estate. On the contrary, the government's position throughout trial was that Holmes intended to defeat the bankruptcy provisions when she accepted the conveyance, and this position was supported by sufficient evidence.

**AFFIRMED.**

5