**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50403 |
| Plaintiff-Appellant, | DC No. CV 17-0458 |
| v. | |
| ROOSEVELT SOLOMON, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted January 10, 2019[**]
Pasadena, California

Before:      TASHIMA and WATFORD, Circuit Judges, and ROBRENO,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

[***]      The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

The government appeals the district court's dismissal of the indictment against Defendant-Appellee Roosevelt Solomon. We have jurisdiction under 18 U.S.C. § 3731 and 28 U.S.C. § 1291, and "[w]e review for abuse of discretion the district court's decision to dismiss an indictment for preindictment delay, under both the Fifth Amendment Due Process Clause and Rule 48(b)." *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). Because the 18-month pre-indictment delay neither rose to the level of a due process violation nor fell within the purview of Rule 48(b), we reverse.

**1.** The district court clearly erred when it found that Solomon had established sufficient prejudice to support dismissal of the indictment under the Fifth Amendment Due Process Clause. Ninth Circuit precedent squarely holds that neither the accumulation of additional criminal history points nor the lost opportunity to receive concurrent federal and state sentences can satisfy the required showing of "actual, non-speculative prejudice from the delay." *Huntley*, 976 F.2d at 1290; *see also United States v. Gregory*, 322 F.3d 1157, 1165 (9th Cir. 2003) ("[N]either the possibility that the government might use prior convictions for impeachment purposes nor the possibility that [defendant] may have lost the opportunity to have his . . . sentences served concurrently are the types of prejudice that violate the Fifth Amendment's guarantee against excessive preindictment

2

delay." (citations omitted)); *United States v. Martinez*, 77 F.3d 332, 337 (9th Cir. 1996) (reversing district court's dismissal of the indictment because prejudice from an increased criminal history category was only speculative given that the judge could make downward departure at sentencing for overstated criminal history category); *United States v. Sherlock*, 962 F.2d 1349, 1354 (9th Cir. 1989) (holding that the defendant's allegation "that the delay prevented him from serving his sentence concurrently with an earlier rape sentence, which would have reduced his total period of confinement," was "too speculative to establish actual prejudice").

Contrary to Solomon's contention that his increased criminal history category nevertheless constitutes actual, non-speculative prejudice due to recent legislation, *Martinez* and our other precedents continue to control. The PROTECT Act and related Sentencing Guidelines amendments did not foreclose the use of downward departures to mitigate any potential prejudice stemming from an overstated criminal history category. *See* Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act, Pub L. 108-21, 117 Stat. 650 (2003); 18 U.S.C. § 3553(b); U.S.S.G. §§ 4A1.3, 5K2.0 (2016). Moreover, the now advisory nature of the Sentencing Guidelines means that district judges today have even more discretion to correct for any unfair prejudice during sentencing than they did at the time *Martinez* was decided in 1996, when the Guidelines were

3

mandatory. As a result, Solomon's alleged sentencing prejudice remains speculative. The district court therefore abused its discretion when it dismissed the indictment under the Fifth Amendment.

2. While the district court only analyzed the pre-indictment delay under the Fifth Amendment's Due Process Clause, addressed above, the district court also cited Federal Rule of Criminal Procedure 48(b) as a source of its authority to dismiss the indictment. However, Rule 48(b) does not apply here because the Rule deals with delay in presenting a charge to a grand jury only after a defendant has been arrested, and it requires the court to give advance warning before dismissal. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1114 (9th Cir. 2007) ("Rule 48(b) 'clearly is limited to post-arrest situations.'" (quoting *United States v. Marion*, 404 U.S. 307, 319 (1971))); *United States v. Benitez*, 34 F.3d 1489, 1495 (9th Cir. 1994) ("[A]n arrest or prosecution by state authorities does not trigger Rule 48(b)." (citations omitted)); *Huntley*, 976 F.2d at 1292 ("The judge could not properly dismiss under Rule 48(b) without forewarning."). Because the district court issued no forewarning and Solomon was indicted before he was taken into federal custody, the court abused its discretion to the extent that it dismissed the indictment in reliance on Rule 48(b).

**REVERSED and REMANDED for further proceedings.**

4