**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-482 |
| Plaintiff - Appellee, | D.C. No. 4:21-cr-00062-BMM-1 |
| v. | |
| MICHAEL JAMES BURKE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted March 28, 2024
Seattle, Washington

Before: WARDLAW, PARKER [**], and MILLER, Circuit Judges.

Michael James Burke appeals from his convictions on two counts of

aggravated sexual abuse of a child, in violation of 18 U.S.C. §§ 1153(a) and

2241(c), and one count of abusive sexual conduct, in violation of 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barrington D. Parker, United States Circuit Judge for
the Court of Appeals, 2nd Circuit, sitting by designation.

§§ 1153(a) and 2244(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's denial of a motion to dismiss for preindictment delay for abuse of discretion but review its finding with respect to prejudice for clear error. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). We review de novo the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We review for abuse of discretion the district court's admission of testimony under Federal Rule of Evidence 403, *Palmerin v. City of Riverside*, 794 F.2d 1409, 1411, 1413 (9th Cir. 1986) (reviewing admission of evidence after an unsuccessful motion *in limine*); *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001) (holding that evidence admissible under Rule 414 is still subject to Rule 403's balancing test), and its decision to impose courtroom security measures, *United States v. Shryock*, 342 F.3d 948, 974 (9th Cir. 2003). Finally, we review de novo whether the district court violated a defendant's Sixth Amendment right to present a defense. *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).

1. The district court did not abuse its discretion in denying Burke's motion to dismiss for preindictment delay based on the four-year gap between the start of

the government's investigation and Burke's indictment. To succeed on a motion to dismiss for preindictment delay, a defendant must first prove that he "suffered actual, non-speculative prejudice from the delay." *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1992). While Burke generally alleges that the delay prevented him from developing additional witness testimony, he offers no evidence that the loss of that testimony "meaningfully has impaired his ability to defend himself." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007) (quoting *Huntley*, 976 F.2d at 1290).

2. A.L. and L.L.'s testimony that Burke repeatedly sexually assaulted them is sufficient to support his conviction. Although Burke claims that A.L. and L.L.'s testimony about their abuse and identification of him as their abuser was unreliable, we may not question the jury's determination that their testimony was sufficiently credible to find Burke guilty. *See United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc).

3. The district court acted within its discretion in determining that the probative value of testimony about Burke's alcohol and marijuana consumption at A.L. and L.L.'s home outweighed its modest prejudicial effect. As the district court observed, testimony regarding Burke's substance use helped set the scene by explaining his relationship with A.L. and L.L.'s family and how he gained access to his victims. Because such testimony was "necessary . . . to permit the prosecutor

to offer a coherent and comprehensible story regarding the commission of the crime," *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995), the district court correctly analyzed the evidence under Rule 403, not under Rule 404(b) as inadmissible character evidence.

4. The district court did not abuse its discretion in preventing Burke from using a complete ballpoint pen. To determine whether a security measure violated a defendant's right to a fair trial, we "look at the scene presented to jurors and determine whether what they saw was so inherently prejudicial as to pose an unacceptable threat to [the] defendant's right to a fair trial." *Holbrook v. Flynn*, 475 U.S. 560, 572 (1986). If the security measures were not inherently prejudicial, we "then consider[] whether the measures actually prejudiced members of the jury." *Hayes v. Ayers*, 632 F.3d 500, 522 (9th Cir. 2011). Unlike shackling, *see Deck v. Missouri*, 544 U.S. 622, 635 (2005), wearing prison garb, *see Estelle v. Williams*, 425 U.S. 501, 503–05, 512 (1976), or compelled utterances of guilt, *see United States v. Olvera*, 30 F.3d 1195, 1197–98 (9th Cir. 1994), use of the inner cartridge of a pen is not inherently prejudicial. As the district court noted, it is unclear whether the jury could even observe Burke's writing instrument, as he was seated far from the jury with a monitor in front of him. And in any case, Burke provided no evidence that "jurors were actually influenced by the measures he complains of." *Hayes*, 632 F.3d at 522.

5. The district court did not abuse its discretion in admitting J.G.'s testimony under Rule 414. In determining whether the prejudicial effect of Rule 414 evidence outweighs its probative value, we consider the following non-exhaustive factors: "(1) 'the similarity of the prior acts to the acts charged,' (2) the 'closeness in time of the prior acts to the acts charged,' (3) 'the frequency of the prior acts,' (4) the 'presence or lack of intervening circumstances,' and (5) 'the necessity of the evidence beyond the testimonies already offered at trial.'" *LeMay*, 260 F.3d at 1028 (quoting *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000)). The district court thoroughly analyzed the *LeMay* factors to determine that, while the first four factors weighed against admission, the last factor weighed in favor of admission. As to the last factor, the district court found that the necessity of the evidence favored the government because A.L. and L.L.'s credibility would be at issue and the government otherwise lacked contemporaneous witnesses. It was reasonable, based on that analysis, to allow the government to introduce testimony from either, but not both, of its proposed Rule 414 witnesses. And it was appropriate for the government, rather than the court, to select which witness to present.

6. The record does not support Burke's claim that the district court's brief admonition to his counsel during closing argument to "stick to the evidence" and stop "testifying" infringed his fundamental right to present a relevant theory of his

defense. The court's statement did not discredit the defense's theory; the court objected merely to counsel's statement that "it was easy for [A.L. and L.L.] to supplant [Burke's] face in their memories over the face of their real abuser." There is no evidence that Burke was forced to abandon arguments relevant to his theory that A.L. and L.L. misidentified Burke due to their faulty memories.

**AFFIRMED.**