⊶4580

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Domingo Jacobo CASTILLO,**
**Defendant–Appellant.**

**No. 05–30401.**

United States Court of Appeals,
Ninth Circuit.

On Remand from the Limited En
Banc Court July 25, 2007.

Filed Aug. 14, 2007.

Katherine Jill Bolton, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

---

1. *United States v. Jewell*, 532 F.2d 697 (9th    Cir.1976) (en banc).

Dawn Marie Reynolds, Esq., Dallas, OR, for Defendant–Appellant.

Before: BEEZER, TALLMAN, and BYBEE, Circuit Judges.

## MEMORANDUM *

The facts and procedural posture are known to the parties, and we do not repeat them here. Jacobo Castillo appeals the district court's denial of his motion to suppress evidence of a pistol seized during a search of his residence. He argues that the police lacked probable cause to search his house although he stipulated to that fact in his plea agreement. We review *de novo* whether a defendant has waived his statutory right to appeal by entering into a plea agreement. *United States v. Shimoda*, 334 F.3d 846, 848 (9th Cir.2003); *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.2000).

We reject Jacobo Castillo's argument and affirm the district court. Jacobo Castillo stipulated to the factual basis supporting the warrant and explicitly stated in his plea agreement that, "[i]ncluded in the warrant was probable cause to search for firearms and evidence relating to the Prosser robbery and homicide [which were under investigation]." Additionally, Jacobo Castillo testified under oath at trial that the statement of facts in the plea agreement was correct and accurate. "[W]e have repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence

and with their authority." *United States v. Hernandez–Hernandez*, 431 F.3d 1212, 1219 (9th Cir.2005); *see also United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980). Consequently, we hold that Jacobo Castillo is bound by his admissions and cannot contest on appeal facts to which he stipulated.

Jacobo Castillo next argues that the government violated his Fifth Amendment rights because seven months passed between his April 9 arrest and his November 10 indictment. Because Jacobo Castillo raises this argument for the first time on appeal, we review for plain error. *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006).

We apply a two-part test to determine whether preindictment delay denied due process: (1) the defendant must prove actual, non-speculative prejudice from the delay; and (2) the length of the delay, when balanced against the reason for the delay, must offend those fundamental conceptions of justice which lie at the base of our civil and political institutions.

*United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir.1992) (internal quotation marks omitted). Jacobo Castillo did not allege any possible prejudice and thus fails the first prong of the *Huntley* test. Because Jacobo Castillo did not suffer prejudice, we find no plain error. The judgment of the district court is

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.