NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELBROUGH WILLIAMS, | No. 20-55542 |
| Petitioner-Appellant, | D.C. No. 5:17-cv-01974-JGB-SHK |
| v. | |
| MARCUS POLLARD, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted June 10, 2021**
Pasadena, California

Before: GRABER, CALLAHAN, and FORREST, Circuit Judges.

Melbrough Williams appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas petition challenging his convictions of four counts of forcible rape,

one count of forcible penetration, one count of robbery, one count of kidnapping

with intent to commit rape, and various enhancements. We have jurisdiction under

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

28 U.S.C. §§ 1291 and 2253(c), and we affirm.

Williams asserts four grounds for relief: (1) the ten-year delay in the prosecution of offenses related to one of the victims violated his due process rights; (2) the prosecutor committed misconduct by eliciting racially prejudicial testimony at trial; (3) his trial and appellate counsel were ineffective in failing to raise the prior two arguments; and (4) the cumulative prejudice of these errors violated his due process right to a fair trial.

We review the district court's decision de novo. *Jaramillo v. Stewart*, 340 F.3d 877, 880 (9th Cir. 2003). Although the district court addressed and denied Williams's petition on its merits, his claims are procedurally barred. *See Lambert v. Blodgett*, 393 F.3d 943, 965 (9th Cir. 2004) ("We may affirm the district court's decision on any ground supported by the record, even if it differs from the district court's rationale.").

"The procedural bar doctrine prohibits a federal court from granting relief on the merits of a state prisoner's federal claim when the state court denied the claim based on an independent and adequate state procedural rule." *Ayala v. Chappell*, 829 F.3d 1081, 1095 (9th Cir. 2016). An exception to this doctrine exists if the prisoner can show "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. 1, 10 (2012). To establish cause, the petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim

2

is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 14.

The California Court of Appeal denied Williams's habeas petition because the claims Williams raises here were procedurally barred as untimely under state law. The Court of Appeal found that Williams's claims of charging delay, prosecutorial misconduct, and ineffective assistance of trial counsel were all available no later than the date of his sentencing in July 2014. Further, Williams's claim of ineffective assistance of appellate counsel was available no later than March 2016, when his claims were decided on appeal. Nevertheless, Williams did not seek habeas relief until September 2017, more than three years after his sentencing and eighteen months after the Court of Appeal's resolution of his direct appeal. This, the Court of Appeal determined, constituted an impermissible, substantial delay for which Williams offered no sufficient justification. *See In re Reno*, 55 Cal. 4th 428, 460–61 (2012), *as modified on denial of reh'g* (Oct. 31, 2012). The state court's rejection of Williams's appeal on timeliness grounds implicates the procedural bar doctrine and thus bars a federal court from granting him relief absent an applicable exception to this rule. *Martinez*, 566 U.S. at 9.

Williams argues that any delay in raising his claims was due to his counsel's ineffective assistance, which prejudiced him and excuses his procedural default. We are not persuaded. Williams's claims, as the district court ruled, lack merit and

3

are thus not "substantial." *Id.* at 14. Specifically, Williams fails to cite any federal law clearly establishing that the charging delay violated his due process rights. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam). And even if Williams had, he also fails to identify any "actual, non-speculative prejudice" from the charging delay. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). With respect to the brief, racially-charged testimony elicited by the prosecution, that testimony was relevant to the issue of the victim's consent. Further, the prosecutor at no point emphasized the witness's independent suggestion that Williams was predisposed to commit the crime because of his race, distinguishing this case from *Bains v. Cambra*, 204 F.3d 964, 975 (9th Cir. 2000). *See also Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (to show a due process violation, "it is not enough that the prosecutors' remarks were undesirable or even universally condemned" (quoting *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983)). Having failed to establish that these underlying claims have merit, Williams's ineffective assistance and cumulative error claims also fail.

**AFFIRMED**.

4